

**FILED**
**May 12, 2025**
**12:57 PM(CT)**
**TENNESSEE**
**WORKERS' COMPENSATION**
**APPEALS BOARD**

# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD

| | |
|---|---|
| Musshur Meener | ) Docket No.  2025-80-0048 |
| | ) |
| v. | ) State File No. 84369-2024 |
| | ) |
| Federal Express Hub, et al. | ) |
| | ) |
| | ) |
| Appeal from the Court of Workers' | ) |
| Compensation Claims | ) |
| Shaterra R. Marion, Judge | ) |

---

### Affirmed and Remanded

---

In this interlocutory appeal of the trial court's denial of several of the employee's motions, the employee alleges various injuries due to an incident at work.  Prior to the issuance of a dispute certification notice, the employee filed a motion to compel the payment of temporary disability benefits, medical benefits, and mileage reimbursement.  The employer objected, arguing that the employee's motion was premature and that the employee's requests for benefits would be more properly heard at an expedited hearing.  After a mediator issued a dispute certification notice, the employee renewed his motion and requested an expedited hearing.  After a subsequent status hearing, the trial court issued an order denying the employee's motions as premature, stating it was appropriate to hear the requests at an expedited hearing, which it set.  The employee has appealed.  Having carefully reviewed the record, we affirm the trial court's order, find the appeal frivolous, and remand the case.

Judge Meredith B. Weaver delivered the opinion of the Appeals Board in which Presiding Judge Timothy W. Conner and Judge Pele I. Godkin joined.

Musshur Meener, Memphis, Tennessee, employee-appellant, pro se

Joseph B. Baker, Memphis, Tennessee, for the employer-appellee, Federal Express Hub

**Memorandum Opinion**[1]

On January 3, 2025, Musshur Meener ("Employee") filed a petition for benefit determination alleging he was injured in the course and scope of his employment at Federal Express Hub ("Employer") on November 17, 2024. On January 21, 2025, Employee filed a document entitled "Motion to Compel with the Order of the Court," which appeared to seek the payment of medical benefits, temporary disability benefits, and mileage reimbursement. Employer responded to the motion, pointing out that the parties had not attended mediation and arguing that Employee should seek the requested benefits at an expedited hearing after a mediator issued a dispute certification notice pursuant to Bureau rules.[2] Employee then filed another pleading, renewing his motion to compel, and Employer again objected to the motion. Ultimately, a dispute certification notice was issued on February 4, 2025, and Employee filed a request for an expedited hearing and asked for a status conference. The trial court issued an order setting a conference for March 3, 2025 for the purpose of determining "the status of the case" and to "discuss the pending motions."[3]

After the status conference, the trial court issued an order setting an expedited hearing and denying the pending motions as premature, stating "the appropriate setting to request those benefits is in an expedited hearing." Employee appealed and listed "Doctor Medically Incorrect-Full Duty," "Trail [sic] Court Decision," and "Denied Motion for No Reason" as the issues on appeal. Employee also filed a brief on appeal, indicating he disputes that he has received proper medical care and denying that his current work restrictions are appropriate. He also avers he is entitled to disability and medical benefits. Employer responded that these issues are all more appropriately addressed at an expedited hearing, which the trial court scheduled in its status conference order. Employer also asks that we find Employee's appeal frivolous.

We agree with the trial court and Employer that Employee's numerous requests should be heard in the context of an expedited hearing. Tenn. Comp. R. and Regs. 0800-02-21-.15(1) explicitly provides that "[w]hen the parties dispute temporary disability and/or medical benefits, either party may file a hearing request." Employee filed such a request, and the trial court set it for hearing. Although the trial court denied Employee's

---

[1] "The appeals board may, in an effort to secure a just and speedy determination of matters on appeal and with the concurrence of all judges, decide an appeal by an abbreviated order or by memorandum opinion, whichever the appeals board deems appropriate, in cases that are not legally and/or factually novel or complex." Tenn. Comp. R. & Regs. 0800-02-22-.03(1) (2023).

[2] Specifically, Employer referred to Tenn. Comp. R. and Regs. 0800-02-21-.18(2), 0800-02-21-.15(1), and 0800-02-21-.02(17) (2023), relating to proper procedures for motions and dispute certification notices.

[3] Following the trial court's order, Employee filed another motion to compel and several documents he labeled as "attachments." These additional documents also appear to contain requests for workers' compensation benefits.

pending motions in its status conference order as premature, it did not rule on the merits of the motions and explained that the appropriate setting to address those motions is an expedited hearing.

Employee did not file a transcript of the March 3 hearing, and he has provided no legal argument explaining how the trial court's determination is improper. Although Employee alleges "bias" in his brief, he has provided no argument or explanation as to how he or his claims have been prejudiced by the court's order setting the expedited hearing *he* requested. As we have stated previously, "[o]ur ability to conduct meaningful appellate review is significantly hampered when an appellant fails to provide a transcript or statement of the evidence and fails to offer any substantive argument on appeal." *Davis v. GCA Services Group, Inc.*, No. 2017-06-0931, 2018 TN Wrk. Comp. App. Bd. LEXIS 11, at *9 (Tenn. Workers' Comp. App. Bd. Mar. 14, 2018) (citing *Hardin v. Dewayne's Quality Metals*, No. 2015-07-0067, 2015 TN Wrk. Comp. App. Bd. LEXIS 45 (Tenn. Workers' Comp. App. Bd. Nov. 18, 2015). Consequently, we can discern no error on the part of the trial court.

Finally, we find this appeal to be frivolous. "[P]arties should not be required to endure the hassle and expense of baseless litigation. Nor should appellate courts be required to waste time and resources on appeals that have no realistic chance of success." *Yarbrough v. Protective Servs. Co., Inc.*, No. 2015-08-0574, 2016 TN Wrk. Comp. App. Bd. LEXIS 3, at *10-11 (Tenn. Workers' Comp. App. Bd. Jan. 25, 2016). Employee is seeking workers' compensation benefits and currently has an expedited hearing scheduled, which is the proper setting to address his claims. At this stage of the case, Employee has not been denied benefits based on the merits of his claim. Thus, Employee's appeal had no reasonable chance of succeeding. However, under the particular circumstances here, we decline to assess any fees or expenses pursuant to our authority under Tenn. Comp. R. and Regs. 0800-02-22-.09(4) (2023).

Accordingly, the trial court's order is affirmed, and the case is remanded. Costs on appeal have been waived.



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
# WORKERS' COMPENSATION APPEALS BOARD

| | | |
|---|---|---|
| Musshur Meener | ) | Docket No. 2025-80-0048 |
| | ) | |
| v. | ) | State File No. 84369-2024 |
| | ) | |
| Federal Express Hub, et al. | ) | |
| | ) | |
| | ) | |
| Appeal from the Court of Workers' | ) | |
| Compensation Claims | ) | |
| Shaterra R. Marion, Judge | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Appeals Board's decision in the referenced case was sent to the following recipients by the following methods of service on this the 12th day of May, 2025.

| Name | Certified Mail | First Class Mail | Via Fax | Via Email | Sent to: |
|---|---|---|---|---|---|
| Musshur Meener | | | | X | musshurfragranceworld@gmail.com |
| Joseph B. Baker | | | | X | jbaker@mckuhn.com mdoherty@mckuhn.com |
| Shaterra R. Marion, Judge | | | | X | Via Electronic Mail |
| Kenneth M. Switzer, Chief Judge | | | | X | Via Electronic Mail |
| Penny Shrum, Clerk, Court of Workers' Compensation Claims | | | | X | penny.patterson-shrum@tn.gov |



Olivia Yearwood
Clerk, Workers' Compensation Appeals Board
220 French Landing Dr., Ste. 1-B
Nashville, TN 37243
Telephone: 615-253-1606
Electronic Mail: WCAppeals.Clerk@tn.gov